IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CEDRIC D. BURNS, § | |
| § | |
| Movant, § | |
| § | |
| V. § | NO. 4:21-CV-414-O |
| § | (NO. 4:19-CR-039-O) |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

**OPINION AND ORDER**

Came on for consideration the motion of Cedric D. Burns, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the government's response, the reply, the record, including the record in the underlying criminal case, No. 4:19-CR-039-O, styled "United States v. Cedric D. Burns, et al.," and applicable authorities, finds that the motion should be denied.

**I. BACKGROUND**

The record in the underlying criminal case reflects the following:

On February 13, 2019, movant was named along with others in a one-count indictment charging him with robbery of a credit union, in violation of 18 U.S.C. §§ 2113(a) and 2. CR Doc.[1] 42. Movant originally entered a plea of not guilty. CR Doc. 48. On April 1, 2019, he entered a plea of guilty. CR Doc. 69. He and his attorney signed a factual resume setting forth the penalties he faced, the elements of the offense, and the stipulated facts establishing that movant had committed the offense. CR Doc. 62.

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:19-CR-039-O.

The probation officer prepared the presentence report ("PSR"), which reflected that movant's base offense level was 20. CR Doc. 78, ¶ 28. He received a two-level increase for taking property of a financial institution, *id.* ¶ 29, a four-level increase for using a dangerous weapon, *id.*, ¶ 30, a four-level increase for abduction, *id.* ¶ 31, a two-level increase for loss of more than $95,000 and less than $500,000, *id.* ¶ 32, a two-level increase for being an organizer, leader, manager, or supervisor, *id.* ¶ 34, and a two-level increase for obstruction of justice. *Id.* ¶ 35. He received a two-level and a one-level reduction for acceptance of responsibility. *Id.* ¶¶ 38, 39. Based on a total offense level of 33 and a criminal history category of V, movant's guideline range was 210 to 262 months. However, the statutorily authorized maximum sentence was 20 years, so movant's guideline range became 210 to 240 months. *Id.* ¶ 125. The PSR also addressed factors that might warrant upward departure, *id.* ¶¶ 138, 139, and factors that might warrant a sentence outside the advisory guideline system. *Id.* ¶¶ 140, 141. Movant filed objections, CR Doc. 84, and the probation officer prepared an addendum to the PSR rejecting the objections. CR Doc. 90.

Movant re-urged his objections at sentencing and the Court overruled them. CR Doc. 132. The Court sentenced movant to a term of imprisonment of 240 months, noting that even if the guideline calculation were wrong that is the sentence that would be imposed. *Id.* at 7. Movant appealed. CR Doc. 112. His sentence was affirmed. *United States v. Burns*, 802 F. App'x 860 (5th Cir. 2020).

## II. GROUNDS OF THE MOTION

In his motion, movant sets forth two grounds. First, he says that the Court applied erroneous enhancements. Doc.[2] 1 at PageID[3] 4. Second, he says that he received ineffective assistance of counsel. *Id.* at PageID 5.

## III. APPLICABLE LEGAL STANDARDS

### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.
[3] The "PageID __" reference is to the page number assigned by the Court's electronic filing system and is used because the type-written page numbers on the form used by movant are not the actual page numbers of the document and also because movant attached to the form a handwritten memorandum.

3

later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV. ANALYSIS

Under his first ground, movant argues that he should not have received enhancements for abduction, leadership role, obstruction of justice, and use of a dangerous weapon. Doc. 1 at PageID

4, 14–30. Movant raised the abduction enhancement argument on appeal, and it was rejected by the Fifth Circuit. *United States v. Burns*, 802 F. App'x 860 (5th Cir. 2020). He cannot raise it here. *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986). Likewise, his other arguments as to the enhancements are barred.

Section 2255 is reserved for constitutional errors and other injuries that could not have been raised on direct appeal and would result in a miscarriage of justice if left unaddressed. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). Misapplication of the guidelines is not cognizable under § 2255. *Id.* Moreover, as the government notes, movant has not made any attempt to show cause and prejudice to be able to proceed with these arguments here. Doc. 5 at 7–8. And, finally, movant could not show prejudice in any event as the enhancements were properly applied. *Id.* at 8–10. As the Fifth Circuit noted, robbery victims are abducted for the purpose of the enhancement even when they never leave the building, so long as the victims are forced (as they were in this case) to move from one area of the building to another to aid in the commission of the offense. *Burns*, 802 F. App'x at 861. The leader/organizer enhancement was appropriate because movant recruited two co-defendants to act as getaway drivers and instructed them on where to go and where to park; movant was the main assailant during the robbery; afterwards, he encouraged his co-defendant to keep driving so as to get away from police. CR Doc. 78, ¶¶ 15–16, 18, 34; *United States v.* Delgado, 672 F.3d 320, 345 (5th Cir. 2012). The obstruction enhancement was appropriate because movant recklessly created a substantial risk of death or serious bodily injury in the course of fleeing law enforcement by encouraging his co-defendant to keep driving. *Id.* ¶¶ 22–24, 35; *United States v. Terrazas*, 815 F. App'x 767, 770 (5th Cir. 2020); USSG 3C1.2 cmt. n.5. And, the use of a dangerous weapon enhancement was appropriate because movant used a

5

replica firearm that closely resembled such an instrument and used it in such a manner that created the impression that it was real. CR Doc. 78, ¶¶ 21, 30; CR Doc. 90 at 2. The Court was entitled to reply on the information contained in the PSR and addendum. *United States v. Sanchez*, 850 F.3d 767, 769 (5th Cir. 2017). Movant has not shown that any of the information upon which the Court relied was unreliable.

In his second ground, movant says that he received ineffective assistance of counsel. His sole support for this ground is the conclusory statement that "counsel did not effectively file a direct appeal, nor did counsel raise objections in an effective manner regarding the sentencing enhancements." Doc. 1 at PageID 5. He does not address this ground in his memorandum. *Id.* at PageID 13–30. His allegation is insufficient to meet the *Strickland* test. *Miller*, 200 F.3d at 282. In any event, counsel did file objections to the enhancements. That he did not prevail does not establish ineffectiveness. *Dorsey v. Stephens*, 720 F.3d 309 (5th Cir. 2013). Further, counsel did pursue an appeal on movant's behalf. Appellate counsel is not required to raise every nonfrivolous ground of appeal available. *Id.* at 320. Because counsel filed a merits brief on behalf of movant, movant must show that a particular nonfrivolous issue was clearly stronger than the issues counsel did present. *Id.* Movant must overcome the strong presumption that counsel's choice of the issues presented was a matter of tactics rather than sheer neglect. *Id.* To be deficient, the decision not to raise an issue must fall "below an objective standard of reasonableness." *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000)(quoting *Strickland*, 466 U.S. at 688). And, movant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 350 (quoting *Strickland*, 466 U.S. at 694). In other words, he must show that the Fifth Circuit would have granted relief on appeal. *Id.* He has made no attempt

to do so, and, for the reasons discussed, he could not show prejudice because the enhancements were properly applied.[4]

## V. CONCLUSION

For the reasons discussed herein, the Court **DENIES** the relief sought in movant's motion under § 2255.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 14th day of June, 2021.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[4] Movant argues in his reply that counsel should have insisted that the elements of the enhancements be presented to a jury. Doc. 6 at 4. The cases he cites concern facts that increase a mandatory minimum sentence. *See Alleyne v. United States*, 570 U.S. 99 (2013); *United States v. Suarez*, 879 F.3d 626 (5th Cir. 2018). Sentencing enhancements need only be proved by a preponderance of the evidence. *United States v. Hagman*, 740 F.3d 1044, 1048 (5th Cir. 2014). And, that guideline issues can only be raised on appeal does not mean that failure to raise them constitutes ineffective assistance, especially, as here, where the objections would have been meritless.